RUMSEY, J.
The plaintiff is the executor and trustee under the will of Hester Gr. Weeden, deceased. He brought this action for instructions as to the manner of settling .up his trust, and on the 7tli day of October, 1890, a judgment was entered containing directions for his action in the matter. It appeared, from the judgment, that he had become the owner of a farm in Jamaica, which he had bought to protect the trust against loss. The judgment determined that he held that farm as trustee for the purposes of the action, and authorized him to sell it, and directed what he should do with the money, a portion only of which belonged to him as trustee under the will. He sold the land, distributed the money, and then filed a petition upon which the order was made from which this appeal is taken. But two questions are presented by it. This action was brought to determine the right of plaintiff in the Jamaica premises, and his duties in regard to them. The judgment made the following direction as to costs:
‘•That said plaintiff do recover of the said defendants his costs in this action, * * # and such costs are hereby charged upon said premises, payable out of, and to be retained by plaintiff from the proceeds of the sale thereof.”
The plaintiff, after the'sale distributed the proceeds in such a way that he had left in his hands, as trustee under the will of Hester Weeden, $6,514.13; and out of this sum he deducted the costs awarded by that portion of the judgment quoted above; and he credits himself, against the trust estate, with these costs, which are $629.60, and thus reduces by that' amount the sum for dis *189 tribution. The referee finds that the sum of $629.60 should have been deducted out of the general proceeds of the sale, and not out of the trust estate under the will; and he therefore disallows the credit of that amount which the plaintiff claims against the trust estate. In this we agree with the referee. The action was against all the defendants, for the purpose of procuring a judgment settling their rights and interests in the fund which should be derived from a sale of the premises. The judgment, as above quoted, charges the costs against all the defendants and directs that they shall be retained “out of the proceeds of the sale thereof,” This the plaintiff did not do. He attempted to retain thorn out of the trust estate, in disobedience of the plain directions of the judgment. The referee was right in not allowing this to be done, and as to that part of his report it is correct.
The plaintiff complains that commissions are allowed to him out of the amount which is in his hands as trustee under the will of Hester Weeden. He says that they should be allowed upon all of the proceeds of the sale, of the farm. But the fund in his hands is only the trust estate under the will. The remainder of the proceeds of the sale have been distributed pursuant to the directions contained in the judgment. Those proceeds constituted a trust fund, it is true. But it was a fund for the benefit of others besides the beneficiaries under the will. The distribution of that fund, as such, was provided for by the judgment; and, if the trustee of that fund claimed commissions out of it, he should have applied for them before the judgment was entered, and had them allowed in it. That fund does not now exist as such. All that remains is the comparatively small portion of it which he holds as trustee under the will. It would be manifestly unjust to charge upon this fund commissions upon the proceeds of the sale, a large portion of which was paid out for the benefit of other people. The referee was correct upon that point also. No other error is alleged..
The order should be affirmed, but without costs.
All concur.